**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16cv49-FDW**

| | | |
|---|---|---|
| **LEROY PHILLIPS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **CYNTHIA THORNTON,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner Leroy Phillips's pro

se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).

## I.     BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted on July 15,

1999 by a Henderson County Superior Court jury of assault with a deadly weapon with intent to

kill inflicting serious injury, assault with a deadly weapon with intent to kill, first degree

kidnapping, first degree rape, and first degree sexual offense (three counts).  The court imposed

consecutive sentences of 133-169 months, 46-65 months, 133-169 months, 339-416 months,

339-416 months, 339-416 months, and 339-416 months, respectively.

On September 17, 2002, the North Carolina Court of Appeals issued an opinion finding

no error in Petitioner's trial and sentences.  State v. Phillips, 569 S.E.2d 33, 2002 WL 31056743

(N.C. Ct. App. 2002) (Table).  Petitioner did not seek discretionary review in the North Carolina

Supreme Court.  (Pet. 2, Doc. No. 1.)

Petitioner filed a motion for appropriate relief ("MAR") in the Henderson County

Superior Court on June 13, 2013; it was denied on June 28, 2013. (Pet., <u>supra</u>, at 3.) Petitioner filed a second MAR on April 3, 2014, which was denied on May 30, 2014. (Pet., <u>supra</u>, at 3-4.) On December 22, 2014, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of both MARs. (State's Resp. to Cert. Pet., <u>State v. Phillips</u>, No. P14-1016, 2015 WL 299039, at *3 (N.C. Ct. App. filed January 7, 2015)). It was denied on January 9, 2015. (Order Den. Cert. Pet. 5, Doc. No. 1-1.) Petitioner filed a petition for discretionary review ("PDR") in the North Carolina Supreme Court seeking review of the North Carolina Court of Appeals' decision; it was denied on March 5, 2015. (Order Den. PDR 1, Doc. No. 1-1.) Petitioner filed the instant habeas Petition on March 4, 2016 when he signed and placed it in the prison mail system.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id</u>. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on July 15, 1999, when Petitioner was sentenced. As noted, the North Carolina Court of Appeals rejected Petitioner's challenge to his convictions on September 17, 2002. Petitioner then had thirty-five days to file a petition for discretionary review in the North Carolina Supreme Court, which he did not do. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Therefore, his conviction became final on October 22, 2002, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about October 22, 2003, almost ten years before Petitioner filed his first MAR. Thus, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition appears to be time-barred.

Petitioner has not addressed the timeliness issue in his habeas petition. Therefore, the Court will provide him 20 days to explain why the instant § 2254 habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall, within 20 days from service of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from service of this Order, the petition may be dismissed without further notice.

**SO ORDERED.**

Signed: August 29, 2016

Frank D. Whitney
Chief United States District Judge