UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv49-FDW

| LEROY PHILLIPS, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) **ORDER** |
| CYNTHIA THORNTON, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner Leroy Phillips's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was convicted on July 15, 1999 by a Henderson County Superior Court jury of assault with a deadly weapon with intent to kill inflicting serious injury, assault with a deadly weapon with intent to kill, first degree kidnapping, first degree rape, and first degree sexual offense (three counts). The court imposed consecutive sentences totaling 1,668 to 2,067 months in prison.

On September 17, 2002, the North Carolina Court of Appeals issued an opinion finding no error in Petitioner's trial and sentences. State v. Phillips, 569 S.E.2d 33, 2002 WL 31056743 (N.C. Ct. App. 2002) (Table). Petitioner did not seek discretionary review in the North Carolina Supreme Court. (Pet. 2, Doc. No. 1.)

Petitioner filed a motion for appropriate relief ("MAR") in the Henderson County Superior Court on June 13, 2013; it was denied on June 28, 2013. (Pet. 3, Doc. No. 1.)

1

Petitioner filed a second MAR on April 3, 2014, which was denied on May 30, 2014. (Pet., supra, at 3-4.) On December 22, 2014, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of both MARs. (State's Resp. to Cert. Pet., State v. Phillips, No. P14-1016, 2015 WL 299039, at *3 (N.C. Ct. App. filed January 7, 2015)). It was denied on January 9, 2015. (Order Den. Cert. Pet. 5, Doc. No. 1-1.) Petitioner filed a petition for discretionary review ("PDR") in the North Carolina Supreme Court seeking review of the North Carolina Court of Appeals' decision; it was denied on March 5, 2015. (Order Den. PDR 1, Doc. No. 1-1.)

Petitioner filed the instant habeas Petition on March 4, 2016, when he signed and placed it in the prison mail system. (Pet., supra, at 19.) Petitioner raises the following claims: 1) trial counsel rendered ineffective assistance at sentencing by failing to object to sentences outside the presumptive range; 2) appellate counsel rendered ineffective assistance by relying on only a "partial" transcript to raise issues on appeal; 3) the sex offense indictments were invalid; and 4) the trial court failed to properly instruct the jury.

After conducting an initial review of the Petition, the Court concluded that it appeared to be untimely. Because Petitioner had not addressed the timeliness issue, the Court provided him an opportunity to explain why the instant § 2254 Petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. (Order, Doc. No. 7 (citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)). Petitioner filed a Response to the Hill Order on September 20, 2016.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs

district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

**III.   DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on July 15, 1999, when Petitioner was sentenced. As noted, the North Carolina Court of Appeals rejected Petitioner's challenge to his convictions on September 17, 2002. Petitioner then had thirty-five days to file a petition for discretionary review in the North Carolina Supreme Court, which he did not do. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter

3

judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Therefore, Petitioner's conviction became final on October 22, 2002, when the time for seeking review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about October 22, 2003, almost ten years before Petitioner filed his first MAR. Thus, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Petitioner implies that the statute of limitations should not have started until 2014, when he discovered that appellate counsel had only a partial trial transcript to rely upon for the direct appeal. See § 2244(d)(1)(D) (providing that the statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence). There is no merit to this argument.

As an initial matter, Petitioner's "evidence" that counsel had only a partial trial transcript at his disposal for the appeal is nothing more than a misunderstanding of the North Carolina Rules of Appellate Procedure. Petitioner points to a page from the Record on Appeal that states:

> Per Appellate Rule 9(c), the following portions of the transcript of the proceedings in this case . . . from July 12-15, 1999, are filed contemporaneously with this record in lieu of the entire transcript:
>
> > Transcript pp. 268-312
> > Transcript pp. 562-563
> > Transcript pp. 568-602

(R. on Appeal 9, Doc. No. 8-1.) Under the North Carolina Rules of Appellate Procedure, the Record on Appeal must contain "so much of the litigation . . . as is necessary for an understanding of all issues presented on appeal, or a statement specifying that the entire verbatim

transcript of the proceedings is being filed with the record pursuant to Rule 9(c)(2), *or* designating portions of the transcript to be so filed." N.C. R. App. P. 9(a)(3)(e) (emphasis added). Petitioner's attorney, in compliance with the Rules of Appellate Procedure, designated only the portions of the trial transcript necessary for the appellate court to have a full understanding of the issues raised on appeal. (R. on Appeal, supra, 9.) The fact that he chose that approach rather than filing the entire verbatim transcript is not evidence that appellate counsel did not have a copy of the entire verbatim transcript.

Moreover, even if by some chance, the page from the Record on Appeal constituted evidence appellate counsel had only a partial transcript, Petitioner has had a copy of the entire Record on Appeal since 2002, as he acknowledged in a letter to his appellate attorney in 2013. (Pet'r's Dec. 30, 2013 Letter to Counsel 11, Doc. No. 8-1.) Thus, to the extent the factual predicate of Petitioner's claim exists, he cannot demonstrate that it was not discoverable through due diligence until 2014. See § 2244(d)(1)(D).

Petitioner also cannot demonstrate that he is entitled to equitable tolling. Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

According to Petitioner, he requested a copy of his complete transcript and trial file from

5

his appellate attorney multiple times between 2001 and 2013, but received no response until 2014, when counsel informed him by letter that, pursuant to his law firm's policy, Petitioner's file had been destroyed ten (10) years after his direct appeal was denied. According to a letter Petitioner wrote counsel, however, Petitioner only requested his transcript and file twice. (Pet'r's April 29, 2014 Letter to App. Counsel 14, Doc. No. 8-1 ("As you are aware, I've requested these records from you in 2002 prior to my most recent request in 2013.").) Counsel's letter in response, states that he sent Petitioner a copy of the file in 2002, shortly after the North Carolina Court of Appeals affirmed Petitioner's conviction. (Counsel's May 6, 2014 Letter 1, Doc. No. 8-1.) Counsel's statement is supported by a previous letter in which he informed Petitioner that the North Carolina Court of Appeals had affirmed Petitioner's convictions, and that copies of the appellate court opinion and Petitioner's file were enclosed with the letter. (Counsel's Undated Letter to Pet. 10, Doc. No. 8-1.)

Petitioner counters that the prison record of legal mail sent and received by prisoners will show that no file accompanied counsel's undated letter. Regardless, if no file accompanied the letter, Petitioner knew it as soon as he received the letter. Nevertheless, according to his own evidence, he did not contact his attorney about the missing file until 2013. Even if he did contact his attorney repeatedly over the years, it was not reasonable for Petitioner to wait for a response for more than 10 years before filing his first motion for redress in the state courts.

In short, Petitioner has not shown that he has been pursuing his rights diligently. See Holland, 560 U.S. at 649. Consequently, he is not entitled to equitable tolling, and his habeas Petition shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 15, 2016

Frank D. Whitney
Chief United States District Judge